OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
In this Housing Part proceeding, on December 15, 2011, the parties, in a so-ordered stipulation, agreed that the conditions listed on New York City Department of Housing Preservation and Development violation summaries dated October 5, 2011 and November 1, 2011, respectively, would be corrected on specified work dates. The stipulation also states that it “does not apply to claims made pursuant to Real Property Law Sec 235” and that tenant “reserves the right to request that the aforementioned claims be tried separately.” Several allegations that were included in the petition were not listed in the violation summaries, including allegations that landlord had removed a ceiling fan and had not replaced it, that landlord had not provided a promised screen door, and that landlord had not provided a promised replacement washer and dryer.
Tenant subsequently moved to restore the matter to the calendar as a result of landlord’s failure to make the stipulated repairs, for a contempt order, for sanctions, and for injunctive relief relating to the matters not covered by the violation summaries. The court set a conference to review tenant’s claims that landlord had not corrected the violations listed in the violation summaries, and otherwise denied tenant’s motion, stating, in part, that the Housing Part does not have jurisdiction to grant injunctive relief for a violation of Real Property Law § 235. On appeal, tenant argues that the Civil Court erred in refusing to grant him a permanent injunction directing landlord to cease and desist the alleged “decrease in services,” consisting of the alleged failure to provide a ceiling fan, a screen door, a working washing machine and a clothes dryer.
CCA 110 (a) states that the Housing Part of the New York City Civil Court
“shall be devoted to actions and proceedings involv *16 ing the enforcement of state and local laws for the establishment and maintenance of housing standards, including, but not limited to, the multiple dwelling law and the housing maintenance code, building code and health code of the administrative code of the city of New York.”
Real Property Law § 235 (1) provides:
“Any lessor, agent, manager, superintendent or janitor of any building, or part thereof, the lease or rental agreement whereof by its terms, expressed or implied, requires the furnishing of hot or cold water, heat, light, power, elevator service, telephone service or any other service or facility to any occupant of said building, who wilfully or intentionally fails to furnish such water, heat, light, power, elevator service, telephone service or other service or facility at any time when the same are necessary to the proper or customary use of such building, or part thereof, or any lessor, agent, manager, superintendent or janitor who wilfully and intentionally interferes with the quiet enjoyment of the leased premises by such occupant, is guilty of a violation.”
While some of the services listed in Real Property Law § 235 (1) are otherwise included in state laws “for the establishment and maintenance of housing standards,” not all of the services referenced therein are so included, and those services that are not so included do not fall within the purview of CCA 110 (a). Consequently, the Housing Part lacks jurisdiction to issue injunctions, pursuant to CCA 110 (a) (4), for failure to provide those services, which would include the services in question on this appeal. We note, in any event, that tenant has not demonstrated that he has a lease which requires the services at issue on this appeal, a prerequisite to the finding of a violation under Real Property Law § 235 (1).
Accordingly, the order, insofar as appealed from, is affirmed. The remaining relief requested by tenant on appeal is not within this court’s appellate jurisdiction.
Solomon, J.P, Pesce and Aliotta, JJ., concur.